# In the United States Court of Federal Claims

No. 24-1242

Filed: February 3, 2025

|  |  |
|---|---|
| DERRICK EARL MILLER, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |

## ORDER

On August 8, 2024, plaintiff, Mr. Derrick Earl Miller—who is currently incarcerated in South Carolina—filed a complaint with this Court, alleging, *inter alia*, that he is owed compensation for wrongful imprisonment between June 2005, when he was first convicted by a court, and August 2022, when the court allegedly "overturned" his conviction. *See* Complaint at 2, ECF No. 1 [hereinafter Compl.]. Mr. Miller requests "$50,000 . . . for each of the twelve months served." Compl. at 2–3. Defendant moves to dismiss for lack of jurisdiction. *See generally* Defendant's Motion to Dismiss, ECF No. 10. The Court dismisses Mr. Miller's complaint for lack of jurisdiction because his conviction was never overturned.

This Court has jurisdiction over "any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. Section 1495 "must be read in conjunction with 28 U.S.C. § 2513," *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002), *aff'd*, 60 Fed. App'x 292 (Fed. Cir. 2003) (*per curiam*), which requires a plaintiff to comply with, *inter alia*, the following:

(a) Any person suing under section 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or

> any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
>
> (b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received . . . .

28 U.S.C. § 2513(a)–(b); *see also Chevalier v. United States*, 329 F. App'x 924, 926 (Fed. Cir. 2009) (confirming that a plaintiff must comply with the conditions set forth in § 2513 before this Court has jurisdiction under § 1495).

Section 2513 requires Mr. Miller to prove, at minimum, that his conviction was reversed or set aside. 28 U.S.C. § 2513(a)(1). While Mr. Miller alleges that his conviction was reversed, *see* Compl. at 2, he does not provide any evidence of the reversal, much less a "certificate of the court or pardon." *Id.* § 2513(b). Nor, it appears, could he, because the order and docket from plaintiff's criminal case show that plaintiff's sentence was *reduced* from 754 months to 267 months on medical grounds and grounds of sentencing disparity. *See* United States v. Miller, No. 6:04-cr-00022, 2022 WL 3041089, at *3–*5 (D. S.C. Aug. 2, 2022). His criminal conviction was not reversed or set aside. *Id.* at *1 n.1. This Court therefore lacks jurisdiction and must grant the motion to dismiss.

For the reasons set forth above, defendant's Motion to Dismiss is hereby **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge